BILLY J. WILLIAMS, OSB #901366
United States Attorney
District of Oregon
**CHARLES F. GORDER, JR., OSB #912874**
Assistant United States Attorney
charles.gorder@usdoj.gov
1000 SW Third Ave., Suite 600
Portland, OR   97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| IN THE MATTER OF THE EXTRADITION OF DAVID ROBERT STALLCUP | Case No. '16-MJ-851<br><br>**COMPLAINT FOR PROVISIONAL ARREST WITH A VIEW TOWARDS EXTRADITION**<br>(18 U.S.C. § 3184)[1] |

I, Charles F. Gorder, Jr., an Assistant United States Attorney in the District of Oregon, being duly sworn, state, in reliance on the attached documentation, that the following is true and correct:

---

[1] Title 18, United States Code, Section 3184 provides that "[w]henever there is a treaty or convention for extradition between the United States and any foreign government . . . , any justice or judge of the United States, or any magistrate judge authorized so to do by a court of the United States, or any judge of a court of record of general jurisdiction of any State, may, upon complaint made under oath, charging any person found within his jurisdiction, with having committed within the jurisdiction of any such foreign government any of the crimes provided for by such treaty or convention . . . issue his warrant for the apprehension of the person so charged . . . ." Section 3184 further provides that "[s]uch complaint may be filed before and such warrant may be issued by a judge or magistrate judge of the United States District Court for the District of Columbia if the whereabouts within the United States of the person are not known or, if there is reason to believe the person will shortly enter the United States."

1. I represent the United States in fulfilling its treaty obligation to Canada.

2. There is an Extradition Treaty, as amended by Protocols, in force between the United States and Canada (the "Treaty"). Treaty on Extradition Between the United States of America and Canada, U.S.-Can., Dec. 3, 1971, 27 U.S.T. 983, T.I.A.S. 8237; Protocol Amending the Extradition Treaty with Canada, U.S.-Can., Jan. 11, 1988, S. Treaty Doc. No. 101-17 (1990); Second Protocol Amending Extradition Treaty with Canada, U.S.-Can., Jan. 12, 2001, S. Treaty Doc. No. 107-11 (2002).

3. The Treaty provides in Article 11 for the provisional arrest and detention of alleged fugitives pending the submission of a formal request and supporting documents.

4. In accordance with Article 11 of the Treaty, on June 17, 2016, the Government of Canada transmitted to the United States a request for the provisional arrest of David Robert STALLCUP ("STALLCUP"), with a view toward extradition.

5. According to information provided by Canada in the form authorized by the Treaty, STALLCUP, a U.S. citizen, is wanted in Canada to stand trial on the following charges: (1) possession of child pornography, in violation of section 163.1(4) of the Criminal Code of Canada (the "CCC"); (2) accessing child pornography, in violation of section 163.1(4.1) of the CCC; and (3) possession of child pornography for the purpose of distribution or sale, in violation of section 163.1(3) of the CCC, all committed within the Province of British Columbia in Canada on or about September 22, 2014, to March 11, 2015. STALLCUP has been charged in an Information in the Province of British Columbia, and a warrant for his arrest was issued on May 26, 2016, by Justice of the Peace B. Berglund, in the Province of British Columbia, and is still in force.

6. The warrant was issued on the basis of the following facts:

   a. On June 25, 2014, Cst. Mark Macphail ("Cst. Macphail"), a detective with the Victoria Police Department, conducted an online search of the Child Protection System's database (a law enforcement database available to Canadian police officers) looking for IP addresses being used to download and share images and videos of suspected child pornography using a peer-to-peer file sharing program.

   b. Through that search, he noted that between June 9, 2014, and June 25, 2014, IP Address 209.121.130.135 had been active on the Gnutella peer-to-peer file sharing network. Gnutella is a software program that computer users can install on their computers and then use to share files with other users of that software, through a network. Gnutella is known to be used by persons distributing child pornography images and videos. Between June 9, 2014, and June 25, 2014, the computer user associated to IP Address 209.121.130.135 downloaded 2628 files of which 354 files shared identifying characteristics with files that had been categorized as "Child Notable," a term used for suspected child pornography.

   c. On September 22, 2014, using Gnutella, Cst. Macphail downloaded 19 child pornography images from IP Address 209.121.130.135. He determined that this IP address was assigned to an address in Victoria, Canada. On December 2, 2014, pursuant to a Production Order, Cst. Macphail learned that the IP address belonged to David ROBERT ("ROBERT") of 1213 – 780 Fisgard Street, Victoria, BC.

   d. On March 11, 2015, Cst. Macphail and other members of the Victoria Police Department executed a search warrant on 1213 – 780 Fisgard Street. One person was located inside the residence, and he identified himself as ROBERT. According to Cst.

Macphail, the person whom he found inside this residence and who identified himself as ROBERT is the same person who appears in the photos attached to the provisional arrest warrant request. No one else was located in the residence, there was no indication anyone else lived in the residence, and no other person was listed on the Tenancy Agreement. STALLCUP aka ROBERT stated he wished to leave while police members searched his residence. Cst. Macphail asked STALLCUP aka ROBERT to meet him in approximately one hour at a nearby coffee shop to discuss this matter, and STALLCUP aka ROBERT agreed. However, he was not located at the coffee shop after the search and subsequently left Victoria without any further dealings with Victoria police.

  e. During the course of executing the search warrant, police seized various pieces of computer equipment and storage devices. Forensic analysis of the computer equipment and storage devices discovered approximately 800 videos and approximately 1500 images of possible child pornography. Cst. Macphail personally viewed some of the images to confirm the forensic analysis and observed child pornography. One example is an image containing several image thumbnails of a young boy under the age of 10 years old. The images depict the boy fully naked with a view of his genitalia and in various poses with dildos in his anus, in bondage in a cage, and in various poses wearing only underwear. Child pornography is defined in section 163.1 of the Criminal Code of Canada.

  f. On March 31, 2015, Cst. Macphail contacted an ex-girlfriend of STALLCUP aka ROBERT's named Sarah Power ("Power"), and she subsequently provided a statement. Power advised police that STALLCUP aka ROBERT had shown her child pornography in 2012 in an attempt to determine whether it piqued her sexual interest. The child

pornography ranged from images of naked children to videos of a toddler being sexually abused by an adult male. STALLCUP aka ROBERT told Power that he liked to look at child pornography but would never actually harm a child. She also told police that STALLCUP aka ROBERT expressed to her a sexual interest in children and specifically in the 9-year-old daughter of a friend. Power had been so concerned about STALLCUP aka ROBERT's sexual interest in the friend's 9-year-old that she warned her friend, who then ended her relationship with both of them. Power was later shown a United States Marshal booking photograph of David Robert STALLCUP and identified it as a picture of the person she knew as David ROBERT.

    g.    Family photographs saved on the computer items seized by the police include pictures of three people that match the Facebook profile pictures for Jessie Stallcup, Scott Stallcup, and Sara Stallcup-Dormer. Power reported that STALLCUP aka ROBERT told her that his half-siblings' names were Jessie, Scott, and Sara.

7. The offenses with which STALLCUP is charged are provided for in Article 2 of the Treaty.

8. STALLCUP may be found within the jurisdiction of this Court at FCI Sheridan, 27072 Ballston Road, Sheridan, OR 97378.

9. Canada has represented that it will submit a formal request for extradition, supported by the documents specified in the Treaty, within 60 days, as required by Article 11 of the Treaty.

///

///

///

WHEREFORE, the undersigned complainant requests that a warrant for the arrest of the person named above be issued in accordance with 18 U.S.C. § 3184 and the Treaty.

Respectfully submitted,

BILLY J. WILLIAMS
United States Attorney

*/s/ Charles F. Gorder*

CHARLES F. GORDER, JR., OSB #912874
Assistant United States Attorney

Subscribed and sworn to before me this 23d day of June 2016 at Portland, Oregon, AND A WARRANT SHALL SO ISSUE.

*/s/ John Jelderks*

JOHN JELDERKS
United States Magistrate Judge